**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF NEW JERSEY

U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ

10 APR 21  PM 4: 03

JAMES J. WALDRON
BY: _____
DEPUTY CLERK

Hon. Michael B. Kaplan
United States Bankruptcy Judge

609-989-0478
609-989-2259 Fax

April 21, 2010

To: All Counsel on Attached List via Regular Mail

Re:   Thorson, LLC v. J.A. Mulligan & Associates, LLC and John A. Mulligan
      Adv. Proc. No. 09-1236 (MBK)

Dear Counsel:

I have reviewed the various submissions of counsel with respect to the Motion for Reconsideration of the Court's February 24, 2010 Order, granting in part and denying in part Summary Judgment and denying Motion to Amend Counterclaim and Third Party Complaint filed by Defendants/Third Party Plaintiffs J.A. Mulligan & Associates, LLC and John A. Mulligan. For the reasons expressed below, the Motion for Reconsideration is denied.

"Motions for reconsideration are extraordinary means of relief and should be granted sparingly." Stivala Invs., Inc. v. Atl. Nat'l Trust LLC, 394 B.R. 778, 780 (Bankr. M.D. Pa. 2008); Lonv. v. E.I. Du Pont de Nemours & Co., 935 F.2d 604, 608 (3d Cir. 1991). As such, reconsideration should be granted only in three limited instances: (1) an intervening change in law; (2) the availability of new, material evidence; or (3) the need to correct an error of law or prevent a manifest injustice. Stivala, 394 B.R. at 780. Put differently, "a motion for reconsideration will not be used as a vehicle to reargue the motion or to present evidence which should have been raised before." In re Christie, 222 B.R. 64, 67-68 (Bankr. D.N.J. 1998).

Here, none of the three grounds have been sufficiently satisfied so as to warrant reconsideration. Initially, Defendants cannot point to a case which would constitute an intervening change in law. The Court's decision to deny the Motion to Amend was based on Judge Brown's holding in SC Holdings, Inc. v. A.A.A. Realty Co., 1996 U.S. Dist. LEXIS 12428 (D.N.J. Aug. 19, 1996). Although Defendants urge that state courts do not follow Judge Brown's reasoning in SC Holdings, when requested to do so by the Court, Defendants were unable to provide a decision that would overrule the precedential nature of SC Holdings, or even take issue with its holding.

Therefore, Defendants cannot satisfy the first standard for reconsideration.

Similarly, Defendants have failed to show the existence of new, material evidence not available at the time the original motion was heard. With respect to this prong, the burden is on Defendants to show that the newly discovered evidence warrants reconsideration. Christie, 222 B.R. at 68. Not only was the evidence put forth by Defendants (pertinently, the initiation of litigation against Defendants arising from the property at issue) not newly discovered, but it is not material in that such facts have no bearing on the instant dispute, as Defendants have yet to be found liable for a sum certain for remediation.

As such, the Court denies the Motion for Reconsideration. In doing so, the Court does not leave Defendants without an avenue of recourse in the future. Under SC Holdings, once Defendants incur losses for remediation efforts and the claim becomes one of contribution, they are entitled to pursue remedies under the N.J. Spill Act in state court.

                                                Yours very truly,

                                                Michael B. Kaplan
                                                United States Bankruptcy Judge

**Richard D. Trenk, Esq.**
Trenk, DiPasquale, Webster, Della Fera & Sodono, P.C.
Attorney for Plaintiff Thorson, LLC and Third Party Defendants Parkinson Technologies
and Ernest Abrahamson
347 Mt. Pleasant Avenue, Suite 300
West Orange, NJ 07052


**Stuart G. Brecher, Esq.**
Law Offices of Stuart G. Brecher, LLC
Co-counsel for Defendants/Third-Party Plaintiffs J.A. Mulligan & Associates, LLC and John A. Mulligan
400 Morris Avenue, Suite 265
Denville, NJ 07834


**Jay Webber, Esq.**
The Law Firm of Jay Webber
Co-counsel for Defendants/Third-Party Plaintiffs J.A. Mulligan & Associates, LLC and John A. Mulligan
60 Washington Street, Suite 100
Morristown, NJ 07960


**Michael Naughton, Esq.**
Wilson, Elser, Moskowitz, Edelman & Dicker
Special Counsel to Defendants J.A. Mulligan & Associates, LLC and John A. Mulligan
33 Washington Street
Newark, NJ 07102

**Ben Becker, Esq.**
Becker, Meisel LLC
Attorney for Charles M. Forman, Esq., Chapter 7 Trustee of John Dusenbery Company, Inc.
Eisenhower Plaza II
354 Eisenhower Parkway, Suite 1500
Livingston, NJ 07039